CALVIN W. BROWN, Judge of Probate,

*vs.*

ARTHUR A. CRAFTS, and others.

Piscataquis.  Opinion July 1, 1903.

*Gift,* Imperfect, In presenti, Power of attorney back to donor.  *Delivery,* Formal
requisites, Colorable.  *Trust,* Intention, Statute of Wills.

While the courts of this State have given liberal construction to language
and attending circumstances to uphold a trust, where the essential ele-
ment of declaration can be fairly inferred, nevertheless, an intended but
imperfect gift cannot be enforced as a trust.

If the essential intention exists on the part of the donor to create a gift,
a simple delivery of stocks, bonds or notes, without formal assignment or
indorsement, is sufficient to at once pass the title.

Where the delivery of property, which is the subject of a claimed gift, is
accompanied by all the formal requisites, it becomes necessary to deter-
mine the intention of the donor in observing the forms and also to apply
the restrictions imposed by the law of wills.

A delivery is rendered colorable, incomplete and unreal by a manifest mental
reservation by a donor, embodied in a power of attorney prepared at the
same time as the deed of gift, and executed immediately by the donee,
giving the donor control over the property during his life.

The nature of the original transaction in such a case is not changed by an
attempt at delivery made subsequent to the date of the deed of gift, in
pursuance of legal advice received by the donor, by allowing the donee
to temporarily take into her possession the key to the safe in which the
property is deposited.

On report.  Judgment for plaintiff.  Remanded to nisi prius.

Debt on bond to the judge of probate of Piscataquis County, on
the application of Hattie Eveleth widow of John H. Eveleth late of
Greenville in said county, deceased.  The suit was in common form
in such cases against the executor and the American Surety Company
of New York which furnished the bond.

The plea was the general issue with a brief statement of full per-

formance. The plaintiff filed a counter brief statement setting out, in substance, the failure of the executor to return a true and perfect inventory of the testator's estate.

The testator in his lifetime had, in form, made a gift to his daughter of certain stocks, bonds and mortgages of the market value of about $60,000. The executor had failed to include these securities in his inventory. His failure to do so was the basis of this suit prosecuted in the name of the judge of probate by the testator's widow.

The case appears in the opinion.

*C. F. Johnson, C. W. Hayes and W. H. Powell,* for plaintiff.

*W. E. Parsons, Henry Hudson and F. E. Guernsey,* for defendant.

Counsel contended that after the certificates of stock and notes were in fact delivered to the donee and she had them, they then and there became her absolute property. She had complete dominion over them. The fact that the certificates were delivered back by her to her father, the donee, does not and did not divest her of her title thereto.

"After the gift is made complete by delivery it is not necessary that the donee shall retain possession of the property. The subsequent possession by the donor, while it may throw suspicion on the transaction as being in fraud of creditors, if satisfactorily explained, will not divest the donee of the title to the property when it has once been lawfully acquired by him." 8 Am. Encl. of Law, p. 1317. In *Grover* v. *Grover,* 24 Pick. 261, a note and mortgage were given by the donor to the donee. After the donee had received delivery of the papers he gave them to the donor saying, "You may keep the papers until I call for them, or collect them for me." The point was made that the donor could not by law act as agent of the donee to keep the papers or collect the money. The court say: "Another objection is that if the gift was valid and complete by the delivery of the note it was annulled by the redelivery to the donor. We think this objection is also unfounded."

Plaintiff claims that the husband had no legal right to make this gift as against the rights of the wife. Defendant claims that the

personal property is the property of the husband; that he has the right to dispose of the same as he sees fit; that the rights of the wife in the personal property take effect only upon the death of the husband. Up to the date of his death the husband has the right to dispose of his personal property. In *Sanborn* v. *Goodhew,* 28 N. H. 48, the husband gave notes aggregating $3000 just before his death to his children. These notes were delivered to one N. W. Westgate for said children. Upon the death of the father the wife claimed that the notes should form a part of his estate; and in her behalf the point was made that the husband could not make and execute such a gift and thereby deprive the wife of her share of the notes. The court held that the notes were the property of the husband and he had the right to make the gift. In *Lines* v. *Lines,* 142 Penn. 149, 24 Am. St. Rep. 487, the father gave to his children certain securities mentioned in deeds of trust. The wife claimed that these deeds were in fraud of her rights as widow; that they were testamentary in their character, and asked to have the deeds declared void. The court: "The first proposition cannot be sustained. It is settled law of this State that a man may do as he pleases with his personal estate during his life. He may even beggar himself and his family, if he chooses to commit such an act of folly. When he dies, and then only, do the rights of his wife attach to his personal estate."

But plaintiff claims that this whole transaction was merely color-able. That it was done for the express purpose of defrauding the wife. Mr. Eveleth may have looked at this matter differently from others. He had married his wife late in life, as the record shows. She did not help him accumulate any part of his property. He received about $50,000 from his father. And upon examination of some of the certificates of stock it will be seen that they were owned by the father in his lifetime and passed under the will to Mr. Eveleth, the donor, who was his father's executor. These facts together with the fact that his final account as such executor was really settled as a part of the same transaction with the gift, all go to show that the donee intended to give to his daughter substantially the property which he had received from his father.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, PEABODY, JJ.

PEABODY, J. This is an action of debt on a probate bond commenced in the name of Calvin W. Brown, Judge of Probate for the County of Piscataquis, State of Maine, against Arthur A. Crafts, executor of the will of John H. Eveleth, late of Greenville, in said county, deceased, testate, and, American Surety Company, surety on his official bond, by Hattie Eveleth, widow of the testator. It is before the law court on report.

The testator died on the seventh day of November, 1899, leaving a widow, Hattie Eveleth, and Rebecca W. Crafts, a daughter by a former wife. The will was admitted to probate on the eighth day of January, 1900, and within six months thereafter the widow waived the provision made for her and claimed her right and interest by descent in her husband's estate. The defendant, Arthur A. Crafts, husband of Rebecca W. Crafts, was appointed executor of the will and gave bond to the judge of probate, the predecessor of the nominal plaintiff. He returned an inventory of the estate to the Probate Court within the time required by law, which included improved real estate, $34,120; wild land, $40,960.50; goods and chattels, $9,879.93; and rights and credits, $34,798.24.

The basis of the suit is the breach of the condition of the executor's bond by his failure to include in his inventory certain stocks, bonds and mortgages specified in the plaintiff's replication, amounting at their face value in the aggregate to $65,673.33, and of the market value of about $60,000. This property belonged to the deceased prior to June 12, 1898, and constituted part of his estate at his death unless the title thereto passed to his daughter by gift. It was in his possession at the time of his death and was afterwards delivered by his executor to his daughter, who claimed it under deed of gift from the deceased, dated June 11, 1898, signed on the following day.

It appears that the testator, four days after the execution of his will, without the knowledge of his wife or daughter caused to be prepared two written instruments, one a bill of sale or assignment, by which he sought to transfer the property in controversy to

his daughter; the other, a power of attorney under which he was to receive the property and during his life to manage, control and have the use and income of the same and the right to pledge it for his personal debts, or to sell it as he might deem necessary to pay any indebtedness he might have, using the same as though it were his own property.

His daughter, Rebecca W. Crafts, was then called and his intention to give her this property disclosed to her; and the papers were executed consecutively by himself and his daughter with all the formalities required in the transfer of personal property. Upon signing the bill of sale he delivered the stocks, bonds and mortgages described therein to the donee, who received them and at his request compared them, item by item, with the schedule; and she in turn signed the power of attorney and redelivered the property to the donor to be by him retained and used in accordance with its terms.

So far as appears by the report, there is but one rational explanation for the execution of these papers. Eveleth was forty years older than his wife, and while nothing appears to indicate that the marriage relation was not usually harmonious, his wife had in their discussions in reference to the disposition of his property made threats that she meant to get all she could out of the estate when he got through with it. He communicated this fact to his attorney when seeking his advice in regard to the validity of the disposition of this property by gift to his daughter under the bill of sale and the conditions by which he was to retain the control and enjoyment of it during his life under the power of attorney.

The validity of the transaction is called in question by the plaintiff in interest upon two grounds:

1.   That it was not a completed gift.

2.   That it was a disposition of personal property intended to deprive his wife of her distributive share, and was consequently, as to her, by law fraudulent and void.

Gifts to children are favored by the policy of the law. *Love* v. *Francis*, 63 Mich. 181, 6 Am. St. Rep. 290; *Betts* v. *Francis*, 30 N. Y. 152; *Nichols* v. *Edwards*, 16 Pick. 62. The delivery of this

property was not incomplete by reason of lack of formal indorsement or assignment of the certificates of stock, bonds or notes. The gift of these choses in action could have been completely executed by simple delivery with the intent at once to pass the title. *Reed* v. *Copeland*, 50 Conn. 472; *Wing* v. *Merchant*, 57 Maine, 385; *Grover* v. *Grover*, 34 Pick. 261, 35 Am. Dec. 319; *Com.* v. *Crompton*, 137 Pa. 138; *Watson* v. *Watson*, 69 Vt. 243 ; *Larrabee* v. *Hascall*, 88 Maine, 511, 518, 51 Am. St. Rep. 440.

The debatable ground is the intent with which the formalities were observed and the limitation defined by the law of wills. Under the instrument signed by the donor there lacked no element of perfect execution of the gift, but there was a manifest mental reservation by him, which had already been embodied in an instrument prepared at the same time as the deed of gift, and at his virtual request it was immediately executed by the donee. It is a significant fact that the husband of the donee, who was also the confidential clerk of the donor, knew of the preparation of both papers and was present as a witness when they were executed.

It may well be doubted whether it was legally in the power of the donee under the circumstances to have accepted the gift made to her under the formalities which attended it without executing the power of attorney which gave to the donor the control of the property during his life. If not actually advised as to the intention of the donor when she received the property, she was not left in doubt for any determinate time. What was done by the donor and donee was one and the same transaction. We think the delivery of the property was incomplete. It was colorable, not real. This attempted transfer, having the semblance of a gift but the substance of a will, was nugatory. The dominion which the donor retained over the property during his life was as full as if the disposition had been by will; and the rights and enjoyment of the donee were postponed until his death. It appears that subsequently to the date of the bill of sale, in pursuance of legal advice received by John H. Eveleth on the subject of the gift to his daughter, she received the key to the safe in which the property was deposited and temporarily took it into her possession; but this does not in our view change the nature of the original trans-

action. It tended rather to disclose its character as not being bona fide. The letter of the donor to the donee, advising this course and reiterating the fact that the property was hers, was simply artificial evidence created for the purpose of proving the execution of the original gift.

In *Buswell* v. *Fuller*, 156 Mass. 309, the payee of a note undertook to give the maker, his daughter in law, the principal and retain the interest. He passed the note to her which she took, but the payee said he would like to have it to indorse payments of interest. It was returned to the payee who retained it. The court say that "a mere oral gift, without a complete transfer of the thing given, such that the giver no longer retains control of it, is ineffectual to pass a title." . . . "If the plaintiff's testator undertook to give the defendant the principal of the note and to retain the interest during his life and kept possession of the note for the purpose of having a claim for his interest, his attempted gift was a nullity." In *Shurtleff* v. *Francis*, 118 Mass. 154, certain assignments of mortgages were delivered by a father to his son at the dates of their acknowledgments, with instructions to put them on record in case he died before the son. They were deposited in a safe to which both had access. The court say that "it was not the intention of the parties to transfer the property to the plaintiff during the life of his father, but that the purpose of the transactions was that the transfer of the property should not take effect until after his death, a purpose which could not be carried into effect because of the statute of wills." In *Young* v. *Young*, 80 N. Y. 422, 36 Am. Rep. 634, a father attempted to give bonds to each of his two sons. They were placed in separate envelopes with an indorsement that "the interest to become due thereon is owned and reserved by me so long as I shall live; at my death it belongs absolutely and entirely to them and their heirs." It was held that there might be a valid gift in presenti by an instrument securing payment of money, reserving to the donor the accruing interest, but if the donor retained the instrument for the purpose of collecting the interest himself, there is an absence of complete delivery.

The courts in this State have given liberal construction to language

and attendant circumstances in upholding a trust where the essential element of declaration could be fairly inferred. *Northrop* v. *Hale,* 73 Maine, 66. But an intended gift cannot be enforced as a trust. *Norway Savings Bank* v. *Merriam,* 88 Maine, 146; *Bath Savings Institution* v. *Hathorn,* 88 Maine, 122, 51 Am. St. Rep. 382, 32 L. R. A. 377.

Having reached this conclusion sustaining the first point raised against the validity of the gift, it is not necessary to decide the second point.

The title to the property remained in the deceased and it should have been included in the inventory of the executor. The avails of this suit belong to the estate, and the executor should charge himself with the same in his account.

> *Defendants defaulted. Case to be retained at nisi prius for further proceeding in Probate Court, in accordance with this opinion. If the executor shall charge himself in his account with the value of the property claimed to have been given to Rebecca W. Crafts, within such time as may be fixed by the judge of probate, no execution to issue except for costs; otherwise such further order to be made at nisi prius as the case may require.*