LEWIS H. SMITH, Appellant, v. F. L. MEEKER, Administrator of the Estate of PETER E. SMITH, Deceased.

**Gifts:** CONSUMMATION BY DELIVERY: FORMAL TRANSFER. Delivery of certificates of stock to the donee with intent to transfer the right of ownership is sufficient to consummate a gift without a record of the transfer on the books of the corporation, or a formal assignment or indorsement of the certificates.

**Same:** SUBSEQUENT WRITINGS: EFFECT. Plaintiff's father in this case gave him corporate stock by delivering the certificates to him subject to the payment of a specified sum to each of two grandchildren after the father's death. *Held*, that the execution of instruments by the father thereafter, addressed to the grandchildren, reciting a present division of his property and that he had left his affairs with the plaintiff, and that he had promised to pay plaintiff at his death certain shares of the stock in question, with accumulations thereon, did not negative a present gift of the stock by delivery of the certificates.

**Same:** TRANSFER OF TITLE: EVIDENCE. Where the uncontradicted evidence shows an absolute delivery of the gift to the donee, subject only to the payment of a specified sum after the donor's death, and there is no evidence to indicate an attempt on the part of the donor to exercise further control over the gift, a finding that the donor intended a transfer of title only upon his death is erroneous.

**New trial:** NEWLY DISCOVERED EVIDENCE. In this action to establish a gift of stock certificates the newly discovered evidence of two witnesses who would testify to declarations of the donor, other than those testified to on the trial, to the effect that the donor had given the stock to the plaintiff was not cumulative, and required the granting of a new trial, a sufficient showing of diligence having been made.

**Replevin:** NECESSITY OF DEMAND. Where there was a consummated gift of corporate stock during the life of the donor and the administrator of his estate obtained possession of the same from the corporation to which it had been sent for a transfer on its books, and without the knowledge or consent of the donee, such possession was wrongful and demand therefor was not necessary to maintain replevin of the stock.

Election of remedies: DISMISSAL OF APPEAL. Plaintiff in this action
6  claiming certain stock certificates under an alleged gift from his
   father in his lifetime, brought action against the administrator
   of the father's estate to recover possession of the same, and
   appealed from a judgment for defendant. Pending the appeal
   he instituted proceedings in probate to recover the value of .the
   stock from the father's estate upon the strength of a written
   instrument in which the father promised to pay the son the
   amount of certain shares of the stock at his death. *Held,* that
   such proceeding did not amount to an election of remedies or
   an acceptance of the judgment so as to require a dismissal of
   the appeal.

*Appeal from Marshall District Court.*—Hon. C. B. Brad-
shaw, Judge.

Friday, January 12, 1912.

Action in replevin for the recovery of possession of
certain shares of corporate stock alleged to be the property
of plaintiff. The case was tried by consent without a jury,
and judgment was rendered for defendant, from which
plaintiff appeals.—*Reversed.*

*Bradford & Johnson,* for appellant.

*J. L. Carney,* for appellee.

McClain, C. J.—In January, 1908, Peter E. Smith,
who was living with his son, the plaintiff in this case, was
the owner of two hundred and five shares of the corporate
stock of the National Grocer Company, a corporation hav-
ing its principal place of business in Detroit, Mich.; each
of such shares being of the par value of $100. There was
testimony tending to show that about that time the father
took the certificates representing this stock from a box in
which he was in the habit of keeping his private papers in
his own room at his son's house, and handed them to his
son, with the statement that the son was to have them on

a condition imposed that after the father's death, the son should pay $1,000 each to two grandchildren, not the children of the plaintiff, and that the son then took these certificates and placed them in a safe at his store and retained the control of them until the father's death in the following December. After the father's death, these certificates were sent to the company with the request that transfers thereof be made on the books of the company, $1,000 in par value to each of the grandchildren, and the balance to the plaintiff. The company, instead of making such transfers, delivered the possession of the certificates to defendant as administrator of the estate of Peter E. Smith, and this action is brought to recover possession of them, under the claim that by a completed gift the right to the certificates had passed to plaintiff before his father's death.

I. Unless the competent testimony tending to show delivery to the plaintiff of the certificates of stock, with the intention that the title to such certificates and the right to possession thereof should at once pass to the plaintiff with the obligation, assumed as a part of the transfer accepted by him, that on the father's death $1,000 in money or stock should be paid or delivered by plaintiff to each of the grandchildren, was met by some evidence offered for the defendant that the delivery of the certificates to plaintiff was not with the intention that plaintiff should thereby acquire absolute title and right of possession, plaintiff's case was made out, and judgment should have been rendered in his favor. The transaction which plaintiff's evidence tended to establish would constitute a completed gift, and the title to the shares would hereby be vested in plaintiff. There is no controversy between counsel as to what is necessary to constitute a completed gift. The cases relied upon by appellee are those in which it is found from the evidence that the present intention to pass title did not exist or delivery to the intended donee was not made. *Jones v. Luing*, 152

1 GIFTS: consummation by delivery: formal transfer.

Iowa, 276; *Oliver v. Perry,* 131 Iowa, 54; *In re Brown's Estate,* 113 Iowa, 351.

A delivery of certificates of stock into the hands of an intended donee, with the purpose of at once transferring to him the right of ownership in such stock, is sufficient to consummate a gift thereof, although no transfer is recorded on the books of the corporation. *Tucker v. Tucker,* 138 Iowa, 344.

A formal transfer or assignment by indorsement on the certificate is not essential where the intention is to pass title by delivery. *Gilkinson v. Third Ave. R. Co.,* 47 App. Div. 472, (63 N. Y. Supp. 792); *Reed v. Copeland,* 50 Conn. 472, (47 Am. Rep. 663); *Bond v. Bean,* 72 N. H. 444, (57 Atl. 340, 101 Am. St. Rep. 686); *Brown v. Crafts,* 98 Me. 40, (56 Atl. 213); *First National Bank v. Holland,* 99 Va. 495, (39 S. E. 126, 55 L. R. A. 155, 86 Am. St. Rep. 898). This is also the rule as to negotiable paper. *Camp's Appeal,* 36 Conn. 88, (4 Am. Rep. 39); *Walker v. Crews,* 73 Ala., 412.

On the question of intent, counsel for appellee relies on two writings addressed to and accepted by the grandchildren respectively, informing them that after his death, the son would pay to each of them $1,000 in National Grocer stock, or, if it had been taken up, then $1,000 in cash, and another instrument executed by the father in October, in which he promised to pay to the son at his death, two hundred and five shares of National Grocer stock and all accumulations from said stock; the contention being that these instruments indicate a testamentary disposition of property, and not a present or past gift. The instruments addressed to the grandchildren dated in January, although not formally accepted by them until later, do not indicate in any way the intention of the father towards this plaintiff. They recite a present division of the father's property, so that there may be no dispute about it after he is gone, and

*2 SAME: subsequent writings: effect.*

contain the ambiguous language, "I leave (in one instance, and in the other, 'I turn') all of my affairs into the hands of my son Lewis (this plaintiff)." If these instruments were relied upon for plaintiff as in themselves proving a gift to himself, they might well be regarded as of doubtful import; but they are not so relied upon, and they certainly do not negative the intent to make a present gift to the son of the stock by delivery of the certificates. The instrument containing a promise to pay the shares of stock to the son after the father's death has no materiality to the present controversy. If the gift had already been completed, this promise would not revoke it, but, on the other hand, might be regarded as a confirmation. *First National Bank v. Holland,* 99 Va. 495 (39 S. E. 126, 55 L. R. A. 155, 86 Am. St. Rep. 898); *Reed v. Copeland,* 50 Conn. 472, (47 Am. Rep. 663). If the gift had not been completed, this promise would not effectuate it. This last instrument was offered in evidence for plaintiff, and defendant objected to its being considered. The court reserved a ruling on the objections, and no such ruling seems to have been made. Clearly, therefore, this instrument can not now be relied upon by defendant.

Several witnesses testified to declarations, made by the father later than in January, indicating that he had already given the stock to the son, and the court expressly found that the father wished and intended that the stock should go to the son, and we have no occasion, therefore, to go into the evidence further on the question of intention. The finding of the court was, however, that the father contemplated that the division of his property should take place after his death. In view of the uncontradicted evidence of the unqualified and absolute delivery of the certificates of stock to the son in January, and in the absence of any evidence whatever to indicate an attempt on the part of the father to exercise any further dominion or control over the certificates, we think the finding of the court that he contem-

3 SAME: transfer of title: evidence.

plated a transfer of title only after his death was entirely without support in the record. It may be, as contended for appellee, that the safe in which the certificates were placed by the son was one to which the father had access; but, in the absence of any indication that the father understood that the certificates were to be kept by the son in a place to which he would have access, the fact is of no significance. There is not a *scintilla* of evidence that the father asserted, at the time of the delivery of the certificates to the son, or afterwards, any right or intention to exercise any further control over them.

In conclusion on this branch of the case, it is sufficient to say that there was evidence of a contemplated gift and nothing in the record to rebut the case thus made out.

II. Even if we should find from the record some conflict of evidence as to the intention of the father, so that we should have to say that the finding of the lower court on that question must conclude us, giving to the finding the effect of the verdict of a jury, nevertheless, we should be compelled to reverse the case on the refusal of the court to grant a new trial on the ground of newly discovered evidence. The showing in that respect was that two daughters of the plaintiff, who were, at the time of the trial, married and residing away from home, would testify to declarations of their grandfather that he had given the stock to his son. The showing as to this evidence was sufficient to indicate that the plaintiff was not lacking in due diligence in not sooner becoming aware of its existence, and such evidence was plainly not cumulative, as it related to other declarations of the grandfather than those to which other witnesses had testified.

4 NEW TRIAL: newly discovered evidence.

III. As there was a consummated gift to plaintiff of the certificates of stock, the possession thereof by the defendant as administrator, was unlawful. Plaintiff did not, at any time, surrender his right of possession, and the

delivery of the certificates by the corporation to the administrator was wrongful. Under such circumstances, no proof of demand was necessary to sustain the action of replevin. *Leek v. Chesley,* 98 Iowa, 593; *Ruiter v. Plate,* 77 Iowa, 17.

5 REPLEVIN: necessity of demand.

IV. In support of a motion to dismiss the appeal which has been submitted with the case, the appellee shows that, after judgment had been rendered against plaintiff, he instituted proceedings in the probate court to recover the value of the stock from the estate, basing such right of recovery on the written instrument, already referred to, in which the father promised to pay to the son, at the father's death, two hundred and five shares of National Grocer stock and all accumulations therefrom. We are unable to see how this proceeding against the administrator could be construed into an acceptance of the judgment and an abandonment of the right of appeal. The question of election of remedies is not involved. If any election was necessary, then plaintiff had made it by suing in replevin for the certificates of stock, and that action he is still prosecuting by an appeal to this court. He has not performed the judgment against him, nor has he accepted the benefit of such judgment. The motion to dismiss the appeal must therefore be overruled.

6 ELECTION OF REMEDIES: dismissal of appeal.

The judgment of the trial court is *reversed.*