MERTIE A. LAMBERT *vs.* JAMES M. LAMBERT.

JAMES M. LAMBERT,
Appellant from Decree of Judge of Probate.

Franklin.    Opinion November 19, 1918.

*Husband and wife.    Rights of husband and wife under R. S., Chap. 80, Sec. 14.
General rule as to gifts "causa mortis."    When the same may be set aside.
Essentials of gifts "causa mortis."    Distinction between testa-
ments and gifts causa mortis.*

Suit on a note given by defendant to his wife Augusta E. Lambert and by her
indorsed and delivered to plaintiff as a gift causa mortis.    The probate appeal
for purposes of this rescript may be disregarded as it presents the same question
involved in the suit.

Defendant contends that the gift causa mortis is void as against the surviving
husband (himself) and that the note is therefore owned not by the plaintiff but
by the estate of the deceased wife Augusta.

Defendant bases his contention upon R. S., Chap. 80, Sec. 14.

*Held*:    That the statute relied upon applies only to property left by a husband or
wife at death and not to personal property which the decedent has parted with
during life either by sale or gift.

The distinction between testaments and gifts causa mortis is clear.    The former
require no delivery and take effect at death.    The latter require delivery and
(subject to revocation) take effect upon delivery.

Action of assumpsit to recover on a promissory note given by the
defendant to his wife and by her delivered to the plaintiff, her
daughter, as a gift causa mortis.    The defendant contended that the
gift was invalid as against himself as surviving husband.    The same
question was raised on the probate appeal.    In both cases the Court
ruled that the gifts were valid.    To this ruling the defendant
excepted.    Exceptions overruled.

Case stated in opinion.
*McGillicuddy & Morey,* for Mertie A. Lambert.
*C. N. Blanchard, and J. B. Morrison,* for James M. Lambert.

SITTING: CORNISH, C. J., HANSON, PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

DEASY, J.    One point only is presented by the exceptions in these cases, to wit: That under existing statutes, gifts causa mortis are in this state invalid.

James M. Lambert is defendant in one case and appellant in the other.    For convenience we shall refer to him as the defendant.

Augusta E. Lambert, owning a promissory note of the defendant, endorsed and delivered it to Mertie A. Lambert as a gift causa mortis. Augusta E. Lambert afterward died testate and Mertie A. Lambert was made executrix of her will.    The executrix did not include the note in the inventory of the estate.    Individually she brought suit upon it.    Hence the two proceedings.    In both the presiding Justice ruled that "a gift causa mortis of personal property, as in this case, is a valid gift."    To these rulings the defendant excepted.

The printed case does not show the relationship between the defendant and Augusta E. Lambert.    Counsel for both parties, however, in their briefs assume that he is her surviving husband.    If the defendant's contention is that gifts causa mortis are under all circumstances invalid we perceive no reason and find no authority to sustain such proposition.    There are, however, respectable authorities holding that gifts causa mortis, being in the nature of testaments, are invalid as to surviving husbands or wives.    For the purpose of reaching and passing upon what we understand to be the real merits of the case we shall assume that the defendant is the surviving husband of Augusta E. Lambert and that the exceptions raise the question of the validity of such a gift as against him.

The defendant bases his claim upon Chap. 160 of the Public Laws of 1903, as amended by Chap. 260 of the Public Laws of 1909, and incorporated in the R. S., of 1916, as Sec. 14 of Chap. 80.

One contention is that under the statute above cited a husband has an interest in the nature of a vested right in his wife's personal property, which he cannot be deprived of without his consent.    Were this contention well founded it would, of course, follow that a wife has a similar interest in her husband's personal property.    This doctrine, if admitted, would invalidate not only gifts causa mortis, but also gifts inter vivos and sales by husbands or wives without consent of the other.    But the statute neither creates nor recognizes such rights.

It applies only to property left by a husband or wife at death. The statute refers only to "estate of such testator, or testatrix." It does not relate to personal property which the decedent has parted with during life, either by gift or sale.

The defendant contends that a gift causa mortis is tantamount to a testamentary disposition without the safeguards and formalities required in the case of a testament. To so hold we would have to go contrary to the multitude of cases wherein courts and jurists have uniformly sustained and sanctioned such gifts. The distinction between testaments and gifts causa mortis is clear. The former require no delivery and take effect at death. The latter require delivery and (subject to revocation) take effect upon delivery.

The defendant cites and relies upon *Nichols* v. *Nichols et al.*, 61 Vermont, 430. This case is not quite in point. It does not involve the validity of gifts causa mortis, nor does it mention or refer to such gifts. The case of *Thayer* v. *Thayer*, 14 Vermont, 107, also cited by the defendant, holds an alleged gift causa mortis ineffective for want of delivery.

The defendant also relies upon the New Hampshire cases of *Baker* v. *Smith*, 66 N. H., 422, and *Jones* v. *Brown*, 34 N. H., 439. These cases arose under a statute substantially similar to ours. They hold that gifts causa mortis are valid, but being "a form of testamentary disposition," are inoperative as to surviving husbands.

The great weight of authority, however, is to the effect that gifts causa mortis clearly proved, or, as in the cases at bar, admitted, are valid and operative against all but creditors. We might cite numerous authorities, but think it necessary to refer only to *Wright* v. *Holmes*, 100 Maine, 508, and *Marshall* v. *Berry*, 13 Allen, 43, and cases cited therein.

Whether or not conditions may exist invalidating an attempted gift causa mortis by reason of fraud, we are not called upon to decide. Nothing in these cases shows fraud, unless such a gift is necessarily and inevitably fraudulent as against a surviving spouse. The law does not justify this court in so holding.

The entry in both cases must be,

*Exceptions overruled.*