RUTH KEMPF v.
RAYMOND A. KEMPF AND OTHERS.

179 N. W. (2d) 715.

August 21, 1970—No. 42482.

*Kempf & Ticen* and *Thomas E. Ticen,* for appellants.
*Kuhlman, Bailey & Howard* and *Paul McRoberts,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

Plaintiff seeks to avoid certain transactions between her deceased husband and his sons by a prior marriage and include the

subjects of those transactions in the estate from which she can take her statutory one-third.[1] The trial court agreed with her contentions and ordered the defendants to disclose all the disputed assets of the deceased and facilitate inclusion of same in the estate. The defendants then appealed the denial of their motion for amended findings of fact, conclusions of law, and order for judgment. We held that that order was not appealable of right and denied the petition for rehearing. Kempf v. Kempf, 287 Minn. 529, 177 N. W. (2d) 40. The defendants have now appealed from the order requiring disclosure and inclusion of the assets in the estate, submitting the case on the briefs and arguments presented in the former appeal. On the merits, we affirm.

The deceased, Ralph L. Kempf, married plaintiff in 1950. This was plaintiff's third marriage and the deceased's second. The defendants are the children of Ralph Kempf by his first wife. There had been marital difficulties prior to Kempf's death; on at least one occasion plaintiff sued for separate maintenance and there was a counterclaim for an absolute divorce. The action was dismissed without prejudice in November 1963. Plaintiff was living with Kempf at his death in July 1964.

As the lower court pointed out, if the elderly widow is not allowed to draw from what the defendants have called the "nonprobate" assets, she would be left (as of February 1969) with a homestead equity of $4,500, a contract for deed valued at $2,345.55, $2,412 under the will, and $111 per month social security. According to the parties' stipulation, the total assets of Ralph Kempf at his death were about $53,000, not including insurance. The details relative to these assets are unfortunately unclear due to the less than extensive financial record presented to us on review. On appeal the defendants have argued only with respect to those assets supposedly transferred to one or more of

---

[1] Minn. St. 525.16.

Kempf's sons by creation of joint tenancy.[2] These are the only assets which will be examined, though not in monetary detail, in this opinion. The orders and judgment of the district court with respect to other assets are affirmed without discussion.

The plaintiff claims that the joint tenancies created by decedent were not valid transfers but were merely attempts to defeat her statutory share of his estate at death through illusory devices. As justification for this claim, she points to the following provisions in Ralph Kempf's will:

"I have * * * for purposes of business convenience, entered into certain transactions with my beloved son, Raymond A. Kempf, involving the acquisition of certain contracts for deed, savings accounts and other assets, including insurance and I have also entered into similar arrangements with my beloved son, EmRal V. Kempf, in connection with a farm located in North Dakota. In addition thereto, I have loaned to certain of my sons, sums of money from time to time which sums are evidenced by promissory notes endorsed to and in the possession of my beloved son, Raymond A. Kempf.

"It is understood by me that at my death these assets, which are held in joint tenancy between myself and either of my beloved sons above mentioned, shall by operation of law, pass to them as surviving joint tenants. However, it is my express desire and request which has heretofore been made known to both of my beloved sons above named and is here set forth in writing that said property held jointly with them be conveyed by them as belonging to all of my beloved sons, equally share and share alike. It is my further desire that the property coming into their hands, pursuant to the arrangement as set out above, be added together, and for this purpose, an independent appraisal should

---

[2] Appellants' argument regarding the homestead, asserted for the first time on appeal, will not be considered. Mattfeld v. Nester, 226 Minn. 106, 32 N. W. (2d) 291.

be made to determine the value of my interest in the farm in North Dakota above referred to.

"It is my desire that the aggregate as arrived at pursuant to the preceding paragraph be divided into five equal parts representing one part for each of my beloved sons * * *. From the shares of my beloved sons above named, there shall be deducted the amount of money or value that they owe to me pursuant to the promissory notes above referred to. It is understood that my beloved son, EmRal V. Kempf, desires as part of his share of these assets to succeed to my interest in the farm in North Dakota above referred to and, accordingly, the value of that interest is to be deducted from his share of these assets and that he shall have my interest in the farm absolutely."

A husband may transfer personal property to others during his lifetime without necessarily defrauding his wife of her marital rights. Even a transaction which is otherwise valid is not rendered voidable merely because the spouse intends to cut off a marital interest. The test is whether the transaction is *"a real one or merely an illusory device."* Van Devere v. Moore, 243 Minn. 346, 350, 67 N. W. (2d) 664, 667. The creation of a joint tenancy interest in certain assets can be a vehicle for a valid gift when the party originally in control presently intends to make a gift,[3] but the mere placement into joint tenancy form does not establish this intent. A transaction will not be sustained where, as the trial court found in this case, it is shown, by reasonable inferences from facts surrounding the alleged gifts, that the de-

---

[3] Dyste v. Farmers & Mechanics Sav. Bank, 179 Minn. 430, 229 N. W. 865; Hall v. Johnson, 179 Minn. 428, 229 N. W. 867; Brennan v. Carroll, 260 Minn. 521, 111 N. W. (2d) 229; Zigan v. LeBlanc, 191 Minn. 538, 254 N. W. 810; 38 C. J. S., Gifts, § 50. Minn. St. 48.30, which protects banks by providing that when a deposit is made in the names of two or more persons upon joint and several account, the funds so deposited may be paid to either of these persons or to the survivor of them, probably creates a presumption that the requisite donative intent exists when the account is opened.

positor intended to retain exclusive power and enjoyment over the funds until his death and then have the alleged donees allocate the assets pursuant to a deliberately worded will. The trial court's determination of lack of donative intent comes after a careful weighing of the facts and will not be disturbed on appeal unless clearly without foundation.

The attempted conveyances also fail as inter vivos trusts for several reasons, one of which is that during his life Ralph Kempf did not make an effective transfer of possession or control of the alleged trust res to the purported trustees; at best, Raymond and EmRal were agents of the deceased. See, 1 Restatement, Trusts (2d) § 8, comments *g* and *h;* and § 57, comment *c,* which states in part, "Where * * * an outright gift would not operate to deprive the wife of her distributive share, a trust created under the same circumstances would be equally ineffective."

We note that a recently enacted statute, Minn. St. 525.213,[4] may be dispositive of future cases involving similar facts.

Affirmed.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[4] "A conveyance of assets by a person who retains a power of appointment by will, or a power of revocation or consumption over the principal thereof, shall at the election of his surviving spouse be treated as a testamentary disposition so far as the surviving spouse is concerned to the extent to which the power has been reserved, but the right of the surviving spouse shall be subject to the rights of any income beneficiary whose interest in income becomes vested in enjoyment prior to the death of the conveyor. The provisions of this section shall not apply to any contract of life insurance purchased by a decedent whether payable in trust or otherwise."