280 So.2d 676 (1973)
Anjal CASTELLANO, Etc., Appellant,
v.
Angela Castellano COSGROVE et al., Appellees.
No. 41961.
Supreme Court of Florida.
July 18, 1973.
Judith A. Brechner, Gainesville, for appellant.
*677 Byrd V. Duke, Jr., Miami, and Morris G. Warner, Miami Beach; Myron H. Burnstein, of Salter, Yeslow & Burnstein, Sherwood Spencer, of Ellis, Spencer & Butler, Hollywood; Alfred I Hopkins, of Claude Pepper Law Offices, Miami Beach, Edgar Lewis, of Marks, Keith, Mack & Lewis, Miami, and Jack F. Weins of Abrams, Anton, Robbins & Resnick, Hollywood, for appellees.
CARLTON, Chief Justice.
This is a direct appeal from a final judgment of the Circuit Court, Broward County, holding that: 1) Chapter 69-192, Laws of Florida, was unconstitutional as applied to a certain inter vivos trust agreement executed prior to the law's effective date; 2) Chapter 69-192 had no application to savings and bank account trusts unrelated to interests in real estate. Article V, § 3(b)(1), Florida Constitution, F.S.A. We affirm.
In January, 1968, Nicholas Castellano executed a "savings account" discretionary revocable trust agreement with the Home Federal Savings and Loan Association in behalf of his daughter, Angela. The following month, the Home Federal issued Nicholas a certificate of savings in the name of "Nicholas Castellano as trustee for Angela Castellano". Thereafter, on July 1, 1969, Chapter 69-192 became effective; it provided in part:
"Section 1... . (2) When the settlor is made sole trustee the trust instrument shall be executed in accordance with the formalities for the execution of wills required at the time of execution of the trust instrument in the jurisdiction where the trust instrument is executed.
......
"Section 2. This act shall become effective on July 1, 1969 and shall be applicable to trusts executed before or after said date by persons who are living on or after said date."
After July 1, 1969, Nicholas executed five additional trust agreements with various savings associations and a bank, all in Angela's behalf. In September, 1969, he died intestate, leaving as survivors Angela and appellant, his widow.
The widow became administratrix. In a declaratory judgment proceeding, she contested the status of all of the trust accounts. Her theory was that Section 2 of Chapter 69-192 applied; that, and this is conceded by appellees, none of the trust instruments were executed by Nicholas in the presence of two verifying witnesses; that this failure to abide by the "formalities for the execution of wills" nullified the instruments and accordingly the accounts reverted to his estate. The widow further contended that the trusts were invalid testamentary dispositions as well as attempts to defeat her widow's share.
Daughter Angela contended that she had exclusive rights to the trust accounts. Her arguments are reflected in the ultimate holding of the Circuit Court. It held that the initial trust agreement executed in February, 1969, was a contract in being which could not be impaired under either the Federal or the Florida Constitution. The Court also held that the subsequent trust agreements executed after the effective date of Chapter 69-192 were unaffected by the act because it did not apply to savings and bank account trusts unrelated to interests in real estate. These subsequent accounts were established under authority of Florida Statutes Chapter 659 (Banking Code) and Chapter 665 (Savings Association Act).[1]
*678 We are in agreement with the Circuit Court's judgment and its distinction between trust accounts established under Chapters 665 and 659 and those relating to interests in real estate governed by Chapter 69-192 (an addition to Florida Statutes Chapter 689, entitled "Conveyances of Land and Declarations of Trust.").[2] Moreover, we find no evidence in the record to support the contention that the trust accounts were illusory and an attempt to defraud the widow.
The judgment under appeal is hereby affirmed.
It is so ordered.
ROBERTS, ERVIN, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.
NOTES
[1] The first account was established under authority of case law recognizing Totten Trusts; see Seymour v. Seymour, 85 So.2d 726 (Fla. 1956); First Nat'l Bank of Tampa v. First Fed. S. & L., 196 So.2d 211 (2d DCA Fla. 1967). Thereafter, and before the execution of the subsequent trust agreements, the Legislature enacted Chapter 69-39, relating to savings and loan associations, which had the effect of recognizing Totten Trusts in savings accounts. These trusts in bank accounts were recognized by Fla. Stat. 659.30.
[2] We note in passing that the 1969 Extraordinary Session of the Legislature enacted Chapter 69-1747, which provided that the law announced by Chapter 69-192 did not apply to accounts, deposits or savings certificates at a bank or a savings and loan institution.