(No. 20862.— )

CHARLES ARONSON *et al.* Defendants in Error, *vs.* PAUL F. OLSEN *et al.* Plaintiffs in Error.

*Opinion filed February 19, 1932—Rehearing denied April 7, 1932.*

B. I. SALINGER, JR., and JOHN F. TYRRELL, for plaintiffs in error.

A. S. & E. W. FROEHLICH, for defendants in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Defendants in error, Charles Aronson, Otto Brandenburg, John G. Johnson, Carl Thorgenson and Hans Ericksen, filed their bill of complaint in the superior court of Cook county against plaintiffs in error, Frank M. Meyers, Paul F. Olsen, and others, among whom was the Lake View State Bank, for the partition of premises described in the bill, for the dissolution of a partnership and for an accounting. Answers were filed, the cause was referred to a master in chancery, evidence was heard, the master's report was filed, exceptions thereto were heard and a decree

was entered that a partnership between the parties be dissolved, that an accounting be had, and finding that the parties were seized of the equitable ownership, as tenants in common, of the premises described, in the following proportions: Paul F. Olsen and Otto Brandenburg an undivided one-fifth each, and John G. Johnson, Carl Thorgenson, Hans Ericksen, Charles Aronson, Frank Meyers and A. A. Wohlgezon each an undivided one-tenth, subject to specified liens; that a division and partition of the premises be made; that certain persons named be appointed to make such partition, and if the premises were not susceptible of division without manifest prejudice to the parties in interest they should value each piece or parcel separately and make a report of their actions and doings to the court as soon as practicable. The cause is here on writ of error to review this decree.

It is contended by plaintiffs in error that defendants in error have no right in the premises which would entitle them to partition thereof. On March 17, 1925, the Lake View State Bank, a corporation, as trustee, was the owner of record of the real estate described in the bill and held the legal title in trust for the following persons: Paul F. Olsen and Otto Brandenburg each an undivided one-fifth, John G. Johnson, Carl Thorgenson, Hans Ericksen, Charles Aronson, Frank Meyers and A. A. Wohlgezon each an undivided one-tenth. On March 17 the above named persons being desirous of erecting on the property a three-story and English basement sixty-apartment building, made and entered into a certain agreement in writing for the purpose of erecting, financing, maintaining and operating such building. For the purpose of providing funds for the erection of the improvement on the premises and in pursuance of the terms of such agreement the parties caused the trustee to convey the premises to Olsen by deed dated May 20, 1925, and recorded in the office of the recorder of deeds of Cook county on June 5, 1925. Thereupon Olsen and his wife executed and delivered to the Chicago Title and Trust Com-

pany, a corporation, as trustee, a deed covering the premises involved in this proceeding, bearing date May 21, 1925, and being recorded in the office of the recorder of deeds of Cook county on June 5, 1925, for the purpose of securing an issue of first mortgage bonds made by Olsen, Thorgenson and Aronson, numbered from 1 to 443. The aggregate principal sum secured and evidenced thereby was $195,000 and interest. Olsen, his wife joining therein, by deed dated May 27, 1925, and recorded in the office of the recorder of deeds of Cook county on June 11, 1925, re-conveyed the premises to the Lake View State Bank, a corporation, as trustee, the title to be held by it under the terms of the agreement made the same day between it and all the original beneficiaries, the material part of which, so far as this cause is concerned, being as follows:

"It is agreed and understood between the parties hereto, and by any person or persons who may become entitled to any interest under this trust, that the interest of any beneficiary hereunder shall consist solely of the right to receive the proceeds from rentals or from sales of said premises, and that such right in the avails of said property shall be deemed to be personal property and may be assigned and transferred as such; that in case of the death of any beneficiary hereunder during the existence of this trust, his or her right and interest hereunder shall pass to his or her executor or administrator and not to his or her heirs-at-law, and that no beneficiary now has, and that no beneficiary hereunder at any time shall have, any right, title or interest in or to any portion of said real estate as such but only an interest in the proceeds as aforesaid, it being the intention of this instrument to vest the full legal and equitable title to said premises in said trustee."

By the deed of trust the entire legal and equitable title to the property was expressly vested in the trustee, and the interest of each and every beneficiary, and of all persons claiming under them, was declared to be personal property.

Under this agreement it was expressly stipulated that no beneficiary should have any right, title or interest in or to any portion of the real estate. The defendants in error had, therefore, no such interest in the land, either legal or equitable, as would authorize them, as beneficiaries under the trust, to a partition of the premises. *Whitaker* v. *Shearer,* 313 Ill. 473; *Duncanson* v. *Lill,* 322 id. 528; *Ward* v. *Williams,* 282 id. 632; *Williams* v. *Wiggand,* 53 id. 233.

The partnership ordered dissolved by the decree was an alleged partnership as to the equitable ownership of the real estate held by the Lake View State Bank, as trustee. As we have seen, under the trust agreement the complainants in the bill had no equitable ownership of the real estate, and it is evident from a perusal of the trust agreement that the rights of the beneficiaries were not rights as co-partners but were rights as individuals. The only accounting prayed for in the bill was an accounting sought by certain beneficiaries under the trust agreement to be made by their co-beneficiaries, as to which the Lake View State Bank, trustee, had no interest and was not a proper party, and such accounting had no proper place in a bill for partition of the real estate held by the Lake View State Bank, as trustee. The bill stated two separate causes of action and was multifarious. If complainants are entitled to an accounting from their co-beneficiaries it must be sought in another suit. (*First Nat. Bank* v. *Starkey,* 268 Ill. 22; *Bonney* v. *Lamb,* 210 id. 95; *Ryan* v. *Town of Shawneetown,* 14 id. 20.) Nothing herein said is to be regarded as an adjudication against complainants' right to file a bill for the dissolution of a partnership alleged to exist among such co-beneficiaries and for an accounting between them.

The decree of the superior court is reversed and the cause remanded to that court, with directions to dismiss the complainants' bill.

*Reversed and remanded, with directions.*