(No. 36873.—

ELEANOR CONLEY et al., Appellants, vs. ALAN N. PETERSEN et al., Appellees.

*Opinion filed May 25, 1962.—Rehearing denied September 27, 1962.*

ROOT AND WILDER, of Morris, and DRACH, HOWARTH and TERRELL, of Springfield, for appellants.

BLACK and BLACK, of Morris, and ASHCRAFT, OLSON & EDMONDS, of Chicago, (RUFUS D. BEACH, WILLIAM H. ALEXANDER, and JOHN J. BLACK, of counsel,) for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Grundy County dismissing, for want of equity, the complaint for partition brought by the appellants. There is a freehold involved.

272

On September 8, 1944, Caroline Slot, the owner of 160 acres of farm land in Grundy County, conveyed the land to Florence O. Curtis who immediately transferred it by deed in trust to "Caroline Slot, as Trustee, under the provisions of a Trust Agreement dated September 8, 1944 and known as Trust Number One." Both deeds were recorded in the office of the recorder of Grundy County on September 9, 1944. Trust agreement No. 1 was executed concurrently with the delivery of the deed in trust. Both the deed in trust and the trust agreement were printed forms of the customary type used in the creation of land trusts. See *Chicago Title & Trust Co. v. Mercantile Bank,* 300 Ill. App. 329.

The trust agreement provided that the persons entitled to the earnings, avails and proceeds of the real estate were Caroline Slot during her natural life, and after her death Neal Peter Petersen during the term of his natural life and after his death Alan Neal Petersen. Neal Peter Petersen was a brother of Caroline Slot and Alan Neal Petersen was the son of Neal Peter.

The trust agreement stated that in the event of the death, resignation, inability or refusal to act of Caroline Slot as trustee, Alan Neal Petersen was to act as successor trustee.

Neal Peter Petersen died on March 12, 1947. On March 19, 1947, Caroline Slot executed a written resignation as trustee and a formal conveyance of the real estate held in the trust, to Alan Petersen "as successor trustee under the provisions of a trust agreement dated the 8th day of September, A.D. 1944, known as Trust No. One." The resignation and the deed were delivered to Alan Petersen who thereafter acted as trustee.

Caroline Slot died intestate on June 5, 1951. The appellants, who were nieces of Caroline Slot, filed this complaint in partition. It is their position that the trust arrangement was ineffective; that Caroline Slot died intestate and that as her heirs they have an interest in the real estate held in the trust.

Appellants argue that the trust was invalid because at the time of the conveyance to the trust, Caroline Slot was settlor, trustee and life beneficiary. Such facts do not invalidate the trust. (*Farkas* v. *Williams,* 5 Ill.2d 417.) The validity of such a land trust as is involved here is clearly settled in Illinois. (*Duncanson* v. *Lill,* 322 Ill. 528; *Sweesy* v. *Hoy,* 324 Ill. 319; *Horney* v. *Hayes,* 11 Ill.2d 178.) Such trusts are not executed by the Statute of Uses. *Chicago Title & Trust Co.* v. *Mercantile Bank,* 300 Ill. App. 329; *Breen* v. *Breen,* 411 Ill. 206.

Appellants argue that since neither the deed in trust nor the trust agreement were executed in compliance with the Statute of Wills, they are ineffective as a circumvention of that statute. Such is not the law of Illinois. Even though Caroline Slot retained a life estate in the beneficial interest of the trust with the right to direct the trustee to convey the real estate, the trust is nonetheless valid. On the death of Caroline Slot, Neal Peter Petersen, the first remainderman, having predeceased her, the entire beneficial interest in the trust vested in Alan Neal Petersen, the second remainderman. *Kelly* v. *Parker,* 181 Ill. 49; *Bear* v. *Millikin Trust Co.* 336 Ill. 366.

The decree of the circuit court of Grundy County is affirmed.

*Decree affirmed.*