*In re* ESTATE OF LEON A. BENTLEY, Deceased.

PHILIP L. HOWARD, as Admr. D.B.N.W.W.A. of the Estate of Leon A. Bentley, Deceased, Petitioner-Appellee, *v.* ROBERT B. MORSE, Respondent-Appellant—(ROSCOE MORRIS, Individually and as Exr. of the Estate of Virginia B. Bentley, Deceased, *et al.*, Respondents-Appellees, and UNKNOWN HEIRS OR DEVISEES OF MARTHA BURMEISTER, Deceased, *et al.*, Respondents.)

(No. 56860;

First District (2nd Division)—March 20, 1973.

*Rehearing denied November 15, 1973.*

Stanley Werdell, of Chicago, for appellant.

Walter H. Moses, Jr. and Jerome Lerner, both of Chicago, for appellees.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Leon A. Bentley died on December 27, 1927, leaving an estate in excess of $480,000, and in addition thereto an annuity trust in the amount of $25,287.03 which is the subject of this litigation. By his Last Will and Testament, executed on December 22, 1923, specific legacies were made to several individuals, including Robert B. Morse, the testator's nephew and the respondent-appellant herein. Martha Bentley, the testator's wife, was appointed executrix.

Paragraph Six of the will provided as follows:

"All the rest, residue and remainder of my estate, real, personal or mixed, and of whatsoever kind or wheresoever situated, I give, devise and bequeath to my beloved wife, MARTHA, (sometimes also called MARGARET) S. BENTLEY, and my beloved daughter, VIRGINIA BENTLEY BIRD, in equal parts, share and share alike; and in the event of my said daughter having died before my death, her share shall go to her child or children; and in the event of my said daughter having died without leaving a child or children, her share of my estate shall go to my beloved wife; and in the event of my said wife dying before my death, then her said share of my estate shall go to my said daughter, or if she be deceased, then to her child or children, if any there be."

Subsequent to the execution of his will, Bentley converted a life insurance policy he owned into an annuity trust, entitled "Interest Income Certificate." This annuity trust provided that the principal derived from the policy proceeds should be held by the insurance company and that interest thereon be paid in monthly installments to Virginia Bentley Bird, the testator's daughter, for her life. The annuity trust further provided:

"Upon receipt of the proof of the death of Virginia B. Bird, the

said proceeds, amounting to Twenty-five Thousand Two Hundred Eighty-seven Dollars and Three Cents, with accrued interest to the date of death, shall be payable immediately to such of her children, share and share alike, as shall then be living, or, if none be thus living, then payable to the executors, administrators or assigns of Leon A. Bentley."

Bentley's estate was duly probated, but the principal of the annuity trust was never inventoried as a part of the probated estate.

On July 16, 1930, Bentley's widow married William Burmeister. She died intestate on July 26, 1930. William Burmeister died intestate on August 11, 1936, and left as his heirs his mother, Hattie C. Burmeister, and a sister, Hattie E. Best. The latter, after succeeding to the interest of her mother, died intestate on July 1, 1957 and left as her only heir her daughter, Wilma Aylward, a respondent-appellee herein.

On March 23, 1970, Virginia Bentley Bird died intestate and childless. Her Last Will and Testament named Roscoe Morris, a friend and a respondent-appellee herein, as executor and sole beneficiary of her estate. At the time of her death, Robert B. Morse, nephew of Leon A. Bentley, was the only surviving heir of Leon A. Bentley. After the death of Virginia Bentley Bird, Robert B. Morse claimed the principal of the annuity trust as Leon A. Bentley's only living heir. Wilma Aylward and Roscoe Morris claimed the principal as the successors-in-interest of Martha Bentley and Virginia Bentley Bird, respectively.

Subsequently, a petition to construe was filed by the administrator *de bonis non* with will annexed * which named Morse, Aylward and Morris as respondents. After a hearing on the petition, the trial court held that neither the provisions of the annuity trust nor the will were ambiguous, and that the plain language of both instruments reveals that it was the intention of the testator that upon the termination of the annuity trust the principal should be paid to the testator's executor or administrator and should thereafter become subject to the residuary clause of his will. The trial court further decreed that after allowances for administrative expenses and any claims, the balance of the principal should be distributed as provided in the residuary clause of Bentley's will; that is, one-half to Wilma Aylward and one-half to Roscoe Morris.

Respondent-appellant prosecutes this appeal, urging that the trial court erred in determining the testator's intention with respect to the annuity trust and the will. He further contends that the residuary clause of Bentley's will was not legally sufficient to pass the interests created

---

* "When a sole executor or all the executors named in a will * * * die, or resign after issuance of their letters, or their letters are revoked, before final distribution of the estate, letters of administration de bonis non with the will annexed, * * * shall be issued." Ill. Rev. Stat. 1971, ch. 3, par. 95.

in the annuity trust principal, and that such should be deemed intestate property passing to him as Bentley's only surviving heir.

■■ It is well established that the question of paramount importance in the construction of a will or trust agreement is what the testator or settlor actually intended by the terms used in the instrument. (*Harris Trust & Sav. Bank v. Jackson*, 412 Ill. 261.) The language used in the instrument must govern this determination, since the court is limited to establishing not what the testator or settlor meant to say, but rather what was meant by what he did say. *Barnhart v. Barnhart*, 415 Ill. 303.

■■ The broad language of the residuary clause in question reveals clearly that it was the testator's intention that except for a limited number of relatively minor general legacies, the great bulk of his estate should pass absolutely to his wife and daughter, subject only to the condition that each survive him, which both did. We see no merit in the contention that the testator showed a desire that the annuity trust principal should pass intestate by the use of the terms "executors, administrators or assigns" in that instrument, or that such terms are synonymous with heirs-at-law.

■■ Respondent-appellant next argues that in the instant case the testator, in establishing the annuity trust, created a fee simple determinable in the annuity trust principal with a consequent possibility of reverter in the said principal in himself, and as the latter interest cannot be devised in Illinois, the possibility of reverter must pass to the heirs-at-law of the testator. While future interests in personal property have been recognized in Illinois, the annuity trust in question did not create a fee simple determinable. The testator established a life estate in the annuity trust income in favor of his daughter. The principal was specifically directed to pass on her death to her then surviving children, and in the event there should be no such children, the principal was then to pass to the testator's executors, administrators or assigns. It follows that both the grant to the daughter's then surviving children and the grant to the testator's representatives or assigns were subject to conditions precedent and were therefore contingent interests. These two interests were alternative contingent remainders, and upon their creation a reversion subject to complete divestment remained with the testator. This reversion was an interest which could pass through the residuary clause of the testator's will, and did in fact so pass. (*Hartwick v. Heberling*, 364 Ill. 523.) Upon the death of Virginia Bentley Bird without issue, the alternative contingent remainder in the testator's representatives became vested, thereby divesting the reversion which had passed to the residuary legatees. The remainder interest created in the annuity trust principal in favor of the testator's representatives was an asset of the testator's estate and subject to the provisions of his will, including

the residuary clause. *Gurnett v. Mutual Life Insurance Co.*, 356 Ill. 612. ■■ The fact that the testator's wife was appointed executrix by the will cannot be held to show an intention on his part that his wife should enjoy the sole beneficial interest in the annuity trust principal upon the daughter's death without surviving children. If the testator had so intended he could have readily expressed his wish. The language used must be given its ordinary meaning; that is, upon the daughter's death without then surviving children the legal representative was to hold the annuity trust principal for the benefit of the testator's estate. (*People v. Phelps*, 78 Ill. 147. It follows that as the trial court decreed, the principal passed to the successors-in-interest of the residuary legatees of Bentley's will.

Judgment affirmed.

LEIGHTON and HAYES, JJ., concur.