MILTON HOYT *et al.*, Plaintiffs-Appellants, *v.* CONTINENTAL CASUALTY COMPANY *et al.*, Defendants-Appellees.

(No. 73-26; ▮▮▮▮▮▮▮▮

Second District—April 17, 1974.

Glazer and Cohan, of Chicago, for appellants.

Williams & Leonard, Ltd., of Chicago, for appellees.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Appellants appeal from an order of the Circuit Court of Du Page County dismissing their complaint without leave to amend.

Only a brief statement of facts is necessary. Milton Hoyt is insured under a group hospital policy issued by defendant-appellee Continental Casualty Co. The policy provides a cash payment of $35 (described in the policy as "Daily In-Hospital Indemnity") when an insured person is "* * * confined within a hospital (as defined in the policy) * * * for each day of such confinement but not to exceed the number of days payable stated in the schedule, as the result of any one accident or sickness."

The appellant entered the hospital on November 4, 1971, and was discharged on November 7, 1971. He was paid $105 as daily in-hospital indemnity, based on 3 days of confinement in the hospital, whereas he claims he is entitled to $140 for 4 days of hospital confinement.

The gist of appellant's argument in support of his claim for $140 is that the word "day", since it is not otherwise defined or restricted in the policy, means any part of a day in which the insured is confined in a hospital and, therefore, since he was confined in the hospital for part of November 4, all of November 5 and 6 and part of November 7, he should be paid for 4 days, even though the total time of confinement was only 69 hours. He says that, if the word "day" is ambiguous, then, as is customary in resolving ambiguities in insurance policies, the ambiguity should be resolved in favor of the insured.

Appellee, on the other hand, contends that the legal meaning of the word "day" is 24 hours but if any other standard is used to determine its meaning it should be based on custom and usage and in this case should be held to mean "hospital day".

Both sides have cited cases purportedly establishing either that a "day" is 24 hours (*People ex rel. Harless v. Hatch* (1863), 33 Ill. 9; *Soucie v. Ill. Agricultural Mutual Insurance Co.* (1944), 323 Ill.App. 456, 56 N.E.2d 55) (neither being in point); or that "day" can mean, in the law's contemplation, any part of a day (*Greulich v. Monnin* (1943), 142 Ohio St. 113, 50 N.E.2d 310; *Moag v. State* (1941, Sup. Ct. Ind.), 31 N.E.2d 629.) (It is somewhat disconcerting to note that both sides cite *Moag* as establishing diametrically opposite conclusions.) See also the annotation in 38 A.L.R.2d 768 regarding computation of time with respect to fractions of days.

It is our view of this case that both appellant and appellee here have concentrated too narrowly on a single word—the word "day"—in construing the language of the policy. The word "day", appearing in the section of the policy entitled "Daily In-Hospital Indemnity", does not stand by itself and should not be interpreted as though it did. Rather, it is part of a phrase, "each day of such confinement" appearing in the policy as part of the sentence "When as a result of injury or sickness * * * the Insured Person is confined within a hospital * * * the Company will pay the Daily In-Hospital Indemnity * * * for each day of such confinement * * *." The promise to pay is with reference to "each day of such confinement," and we must interpret the phrase in a manner to give a common sense meaning to the whole contract.

While the contract is not truly one of indemnity, but is rather a contract to pay money without reference to hospital charges, nevertheless, it is fair to assume that the contract was not entered into in total disregard of what the hospital itself considered a day of confinement. It would be absurd to suppose that the insured believed at the time he took out the insurance that he would be paid for 4 days of confinement if he was only in the hospital 69 hours and was only charged for 3 days. We cannot be-

lieve that the appellant in interpreting the policy in this manner was in any way misled to his detriment.

On the other hand, the interpretation of the word "day" as meaning a full 24 hours is legalistic and would likewise produce unfair results.

We feel therefore impelled to examine the language of the contract from a somewhat broader viewpoint in order to give it reasonable meaning and effect.

■■ In *United States Trust Co. v. Jones* (1953), 414 Ill. 265, 271, 111 N.E.2d 144, the court said, "In construing a written instrument, its letter should be controlled by its spirit and purpose, bearing in mind that the terms employed are servants and not masters of an intent, and are to be interpreted so as to subserve, and not to subvert, such intent. To this end courts are sometimes required to restrict the meaning of words." We feel this language is particularly apt in considering the case before us. The word "day", as reference to the few cases which have considered its meaning well demonstrates, has been variously interpreted according to the circumstances under consideration in such case and no amount of debate as to its meaning in the particular context under consideration here would resolve the question.

If considered in isolation the interpretation of "day" must inevitably be arbitrary, therefore unsatisfactory, not only to the parties but to the court. It is a word not susceptible of meaningful interpretation without reference to the context in which it is used. That is no doubt why the Random House Dictionary of the English Language gives not less than 15 different examples of its meaning in various contexts.

■■ Accordingly, we refuse to construe the word in isolation as being an arbitrary period of time, either possibly 1 minute, as the appellant might contend or 24 hours, as the appellee contends. Instead, we give it meaning within the phrase, "for each day of such confinement" and therefore we interpret the policy as saying that it will pay *for each period of confinement for which the particular hospital makes its customary daily charge*. We do not believe this interpretation of the contract does any violence to the intention of the parties and it provides a rational basis for performance of the contract.

In the light of this holding, appellant received proper payment under the policy and has no more coming.

Since the appellant has no cause of action in his own right, the class action must likewise fall. The judgment of the trial court is affirmed.

Judgment affirmed.

T. MORAN, P. J., and GUILD, J., concur.