THERESA MARIE FAVATA, Plaintiff-Appellee, *v.* JOSEPH FAVATA, JR., Defendant-Appellant.

First District (1st Division)   No. 77-1802

Opinion filed July 30, 1979.

McGLOON, J., concurring in part and dissenting in part.

Erwin Grombacher, of Chicago, for appellant.

John A. Doyle, Ltd., of Chicago, for appellee.

*Mr. JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff, Theresa Favata, filed a complaint for declaratory judgment seeking to set aside an amendment to a land trust agreement. Plaintiff contended that this amendment, dated August 10, 1976 (1976 amendment), was an attempted testamentary disposition of real estate and violated the concept and definition of an Illinois land trust. Defendant Joseph Favata, Jr., filed a motion to strike and dismiss contending, among other things, that a July 18, 1975, amendment (1975 amendment), also was a void testamentary disposition. The trial court subsequently found both amendments were testamentary in character and violative of the statute of wills (Ill. Rev. Stat. 1975, ch. 3, pars. 4—1 through 4—15).

The facts are not in conflict. On December 14, 1964, Joseph Favata, Sr., entered into a written agreement with Exchange National Bank of Chicago entitled: Trust Agreement and Declaration of Trust. Under the trust provisions, Joseph Favata, Sr., was the prime beneficiary. Initially, the trust contained land and buildings known as 1910-1920 South Halsted, Chicago, Illinois. In 1973, during his lifetime, settlor transferred the fee interest to his condominium residence at 200 East Delaware, Chicago, Illinois, to the trust.

---

* Justice Buckley participated in this opinion while assigned to the Illinois Appellate Court, First District.

On July 18, 1975, Joseph Favata, Sr., as settlor, amended the trust agreement to read in relevant part:

"a. I shall remain the prime beneficiary under this Trust.

b. On the date of my demise, my interest not having been sold, assigned, transferred or otherwise disposed of, the entire remaining interest under this Trust shall vest in my daughter, Theresa Marie Favata * * *."

On August 10, 1976, the settlor again amended the trust as follows:

"a. In the event of my death, I leave my real estate located at 1910-20 South Halsted Street, Chicago, Illinois, to my son, Joseph Favata, Jr. * * *

b. In the event of my death, I leave my condominium located at 200 East Delaware Place, Chicago, Illinois, to the Executor under my Last Will and Testament, and also in accordance with the Joseph Favata Child's Trust, dated July 18, 1975, to be held in trust for my daughter, Theresa Marie Favata, of Laguna Niguel, California.

c. The power of direction shall be vested in Joseph Favata, Jr."

On September 6, 1976, Joseph Favata, Sr., died a resident of Cook County, Illinois. Subsequently, plaintiff filed the instant suit for declaratory judgment seeking an adjudication that the 1976 amendment was invalid. She further sought a declaration that the 1975 amendment was valid, thus making her the sole beneficiary of the trust.

Defendant filed his answer contending that the 1976 amendment was valid and enforceable. Additionally, defendant attached as exhibits copies of documents purporting to be the last will and testament and codicil of Joseph Favata, Sr., which were duly admitted to probate in the circuit court of Cook County. Defendant maintained these documents were relevant for interpreting settlor's intentions concerning the 1976 amendment. Plaintiff moved to strike and dismiss references to the will and codicil on the ground that they had no bearing on the issue of the validity of the 1976 amendment. Exchange National Bank of Chicago, as trustee, filed its answer and petition for instructions as to the proper disposition of the *res*. Plaintiff moved for judgment on the pleadings and summary judgment. In support of her motion for summary judgment, plaintiff attached the deposition of Ben Rosen, land trust officer for Exchange National Bank. Rosen testified that the 1975 amendment utilized traditional, customary and accepted language for the creation of a beneficial interest in plaintiff upon the death of the prime beneficiary. In Rosen's opinion, the 1976 amendment was legally insufficient because it did not speak of the handling of the beneficial interest but referred to post-death transfers of real estate.

On August 31, 1977, the circuit court denied plaintiff's motions. The court found, as a matter of law, that both 1975 and 1976 amendments were void in that they violated the statute of wills. From that judgment, defendant appealed and plaintiff cross-appealed.

The sole issue on appeal is the legal sufficiency of the 1975 and 1976 amendments.

■■ The principal distinction between a will and a trust is that in the former, the beneficiary has no interest until the death of the testator, while in the latter, the beneficiary has an interest the moment the trust is created. (1 Perry, Trusts 119 (7th ed. 1929).) Consequently, if no interest passes to the beneficiary before the death of the settlor, the intended trust is testamentary and invalid for failure to comply with the statute of wills. (*Farkas v. Williams* (1955), 5 Ill. 2d 417, 125 N.E.2d 600.) A disposition is also testamentary and violative of the statute of wills if the trust property or the beneficiary is not ascertainable until the death of the settlor. (1 Scott on Trusts 473 (3d ed. 1967).) Equally violative is a situation where the settlor does not intend that the trust should arise until his death, even though the trust property and the beneficiary are ascertained prior to his death. (Scott.) However, where a trust has been properly executed it will not be invalid merely because the settlor wanted to avoid compliance with the statute of wills or the necessity of probate administration. *Conley v. Petersen* (1962), 25 Ill. 2d 271, 184 N.E.2d 888.

■■■ We find that the 1975 amendment was valid and did not constitute a void testamentary disposition. Under its terms plaintiff received a substantial present interest at the moment the trust was created. She received a remainder interest in the entire beneficial interest of the land trust not otherwise disposed of during settlor's lifetime. Moreover, settlor used traditional, appropriate and customary language to designate a remainder interest in his beneficial interest. When properly drafted, as in the 1975 amendment, remainder interests in the beneficial interest of land trusts are present interests and do not circumvent the statute of wills. *Conley v. Petersen* (1962), 25 Ill. 2d 271, 184 N.E.2d 888; Kenoe, Land Trusts §§3.8, 4.6, 4.7 (Ill. Inst. Cont. Leg. Ed. 1978) (hereafter Kenoe); Garrett, Land Trusts 7, 22 (Chicago Title & Trust Co. 1971). See also *In re Estate of Sacks* (1967), 89 Ill. App. 2d 1, 231 N.E.2d 688.

■■ ■ We turn next to the 1976 amendment. According to its plain meaning, settlor was attempting to transfer remainder interests in the real estate *res* of the land trust. In other words, settlor apparently attempted to transfer legal and equitable title to his son and daughter. All parties concede that this is not possible because in a land trust legal and equitable title is vested solely in the trustee. Settlor could only convey his beneficial interest in the trust. *Chicago Federal Savings & Loan v. Cacciatore*

(1962), 25 Ill. 2d 535, 547, 185 N.E.2d 670; *Department of Conservation v. Franzen* (1976), 43 Ill. App. 3d 374, 356 N.E.2d 1245.

Only if the language of the 1976 amendment is construed to mean that settlor was transferring his beneficial interest could this amendment be valid. We reject this interpretation and hold that the 1976 amendment was insufficient as a matter of law.

In his treatise on land trusts, Henry Kenoe admonishes against inartful drafting:

> "Where used for testamentary purposes, the trust agreement and supporting documents should be carefully drafted. * * *
>
> Testamentary applications of land trusts should be carefully documented." Kenoe, Land Trusts §3.8 (Ill. Inst. Cont. Leg. Ed. 1978)
>
> "It is frequently desired to provide for a succession of the beneficial interest in the event of the death of the beneficiary, but to avoid vesting in the successor any immediate interest, so that his participation in the trust during the lifetime of the original beneficiary can be avoided. This can be provided by an arrangement under which the entire beneficial interest is in the beneficiary, with adequate provisions for succession upon his death. This arrangement creates a future interest and *must be structured with great particularity.* The following language is suggested:
>
> James Smith, the entire beneficial interest hereunder, with full power to assign or deal with all of the rights and interests of the beneficial interest. Upon the death of the said James Smith during the existence of this trust, and provided that the *beneficial interest* or any part or right thereunder, shall not have been previously assigned or otherwise disposed, then the entire *beneficial interest* hereunder shall vest in and be owned by Jane Smith, his daughter, if she be then living." (Emphasis added.) (Kenoe, Land Trusts §2.8 (Ill. Inst. Cont. Leg. Ed. 1978).)

Moreover:

> "[T]he preparation of clauses to cover the devolution of the beneficial interest on death of the beneficiary is not a simple matter. It should require the careful consideration of counsel." Garrett, Land Trusts 22 (Chicago Title & Trust Co. 1971).

The dissent concedes that the 1976 amendment could have been better drafted, but nonetheless concludes that settlor intended to deal with the beneficial interest. We are of the opinion that the 1976 amendment was invalid because it expressly refers to real estate rather than settlor's beneficial interest in the trust. It fails to contain customary

and accepted language for the conveyance of a remainder interest in the beneficial interest. (See, *e.g.*, *Conley v. Petersen* (1961), 25 Ill. 2d 271, 184 N.E.2d 888. See also *In re Estate of Sacks* (1967), 89 Ill. App. 2d 1, 231 N.E.2d 688.) Moreover, settlor clearly demonstrated by his 1975 amendment that he recognized the customary and appropriate language for such a transfer. See Kenoe, Land Trusts §§2.10, 3.8 (Ill. Inst. Cont. Leg. Ed. 1978).

The 1976 amendment is also invalid because it was in derogation of express provisions of the trust documents. Relevant portions of the Trust Agreement between Joseph Favata, Sr., and the Exchange National Bank follow:

> "IT IS UNDERSTOOD AND AGREED between the parties hereto, and by any person or persons who may become entitled to any interest under this trust, that the interest of any beneficiary hereunder shall consist solely of a power of direction to deal with the title to said property as hereinafter provided, and the right to receive the proceeds from rentals and from mortgages, sales or other disposition of said premises, and that such right in the avails of said property shall be deemed to be personal property, and may be assigned and transferred as such; * * * and that *no beneficiary now has, and that no beneficiary hereunder at any time shall have any right, title or interest in or to any portion of said real estate as such, either legal or equitable,* * * *." (Emphasis added.)

According to this agreement, settlor may only deal with the beneficial interest.

In dealing with land trust property, settlors and beneficiaries should be required to adhere to the documentation which they have caused to be created. Any recognition of the rights of a beneficiary by an attempted amendment, which purportedly deals with the legal or equitable title, would be disruptive of land trust practice and administration. The trustee must have the protection of requiring that directions and amendments submitted be in the form contemplated by the trust agreement, and deal only with the beneficial interest.

Accordingly, the attempted amendment is invalid both for failure to comport with the trust agreement and recognized principles of land trust law.

In strictly construing the requirement that settlor expressly designate a remainder interest in his beneficial interest rather than refer to "real estate," we are not stressing form over substance. Rather, we are mindful of the instructions of the court in *Madigan v. Buehr* (1970), 125 Ill. App. 2d 8, 16, 260 N.E.2d 431:

> "There is a natural tendency to blend the power of the beneficiary with that of the trustee. * * * [b]ut the nature of the

land trust is such that, if the trust is to be preserved, *the powers of the beneficiary and the trustee must be kept distinct.*" (Emphasis added.)

The language in *Schneider v. Pioneer Trust & Savings Bank* (1960), 26 Ill. App. 2d 463, 466, 168 N.E.2d 808, is also compelling:

"The land trust form of land ownership yields certain benefits to the beneficiaries, whether it be effective management, secret ownership, insulation from personal liability, or some other advantage. These benefits result from the willingness, on the part of the courts of Illinois, to observe the form of the trust transaction. Reducing one's ownership to a beneficial interest brings about this result. Consistency requires, then, the observance by the beneficiary of the form of the trustee's ownership. Retaining the nature of this interest in order to be entitled to the advantages of a land trust, he may not then deal with the property as if no such trust existed."

(Accord, *Department of Conservation v. Franzen* (1976), 43 Ill. App. 3d 374, 356 N.E.2d 1245; *Feinberg v. Great Atlantic & Pacific Tea Co.* (1971), 131 Ill. App. 2d 1087, 266 N.E.2d 401.) In short, settlor must accept both the benefits and burdens of the land trust form of ownership. One necessary burden is artful drafting pertaining only to his interest in personalty.

We deem it necessary to discourage drafting purporting to deal with real estate because of potential dangers to the land trust device. The 1976 amendment allows the possibility that creditors of remaindermen might attempt to impose liens against the title to the real estate *res*. It is of utmost importance to land trust administration that judgments against beneficiaries not be liens against the property held in trust. *Chicago Title & Trust Co. v. Mercantile Trust & Savings Bank* (1939), 300 Ill. App. 329, 20 N.E.2d 992.

A land-trust trustee should not have to accept an amendment containing language referring to direct transfer of real estate by a beneficiary. Nor by judicial imposition should he have to assume settlor actually meant to convey his beneficial interest. Encouragement of such laxity in drafting may result in third parties relying on documented conveyance of "real estate" to assert various liens while trustees struggle to ascertain the subjective intent of the prime beneficiary. We choose not to subject trustees to increased and potentially vexatious litigation involving those who assert legal rights against remainder beneficiaries. (E.g., *Chicago Federal Savings & Loan Association v. Cacciatore* (1962), 25 Ill. 2d 535, 185 N.E.2d 670 (Federal tax liens do not attach); *Aronson v. Olsen* (1932), 348 Ill. 26, 180 N.E. 565 (beneficial interest is not partitionable); *In re Estate of Elliott* (1975), 33 Ill. App. 3d 1046, 339

N.E.2d 378 (beneficial interest not subject to spousal and estate claims); *Sterling Savings & Loan Association v. Schultz* (1966), 71 Ill. App. 2d 94, 218 N.E.2d 53 (marital rights do not attach to beneficial interest); *Chicago Title & Trust Co. v. Mercantile Trust & Savings Bank* (1939), 300 Ill. App. 329, 20 N.E.2d 992 (judgment lien does not attach versus beneficiary).) Accordingly, clauses a and b of the 1976 amendment are legally insufficient and pass no interest to defendant.

Defendant does attain a limited interest, however, via clause c of the amendment which grants him the power of direction. Unlike clause a and b this constituted a present disposition of a legitimate property interest. (Kenoe, Land Trusts §§2.18, 4.8 (Ill. Inst. Cont. Leg. Ed. 1978).) Nonetheless, since clauses a and b are invalid, defendant has no beneficial interest under the land trust. Consequently, he must exercise his power of direction as a fiduciary for the benefit of those who possess a beneficial interest. (Kenoe, Land Trusts §2.2 (Ill. Inst. Cont. Leg. Ed. 1978).) Under the 1975 amendment, settlor and plaintiff alone possess beneficial interests and as a fiduciary defendant must comply with the dictates of that earlier amendment.

Since no interest presently passes to defendant, except for his fiduciary obligations under clause c, and because the 1976 amendment was not executed in conformance with will formalities, it is a void testamentary disposition (*Farkas v. Williams* (1955), 5 Ill. 2d 417, 125 N.E.2d 600), as well as invalid under land trust principles.

Central to our resolution of this case is our focus on the legal sufficiency of the 1976 amendment rather than become mired in the dilemma of ascertaining settlor's subjective intent. This case transcends the issue of intent and raises issues at the heart of land-trust law. Accordingly, consideration of settlor's will and codicil is improper because they have no bearing upon the sufficiency of the 1976 amendment.

Even if we accept the posture of the dissent and consider settlor's intent rather than the legal sufficiency of the amendment, our decision remains the same. Initially, we find that consideration of settlor's will and codicil, even as parol evidence of intent, was erroneous. The will and codicil were duly admitted to probate but, according to plaintiff's representations, are presently subject to a will contest. Similarly, plaintiff reserved the right to challenge the authenticity of the 1976 amendment and for purposes of her pretrial motions only contested its legal sufficiency. Accordingly, even if we were to consider settlor's manifested intent, we could interpret the 1976 amendment only on its face (*In re Estate of Bentley* (1973), 14 Ill. App. 3d 630, 303 N.E.2d 166), and in connection with the earlier trust documents (declaration of trust and 1975 amendment) (*Wynekoop v. Wynekoop* (1951), 407 Ill. 219, 95 N.E.2d

457). Where as here, the language chosen by settlor is clear, the plain intention prevails over any presumed intention. (*In re Estate of Sacks* (1967), 89 Ill. App. 2d 1, 231 N.E.2d 688.) Here settlor plainly purports to deal in real estate title rather than the beneficial interest in personalty.

■■ We do not feel that implementation of the 1975 amendment alone creates an unjust result, is too formalistic, or causes an erroneous implementation of settlor's manifested intent. At issue is whether the language utilized effected a result which the son alleged to be its purpose. The draftsman was free to choose the language, and by this language we must judge intent as well as effectiveness. (*In re Estate of Sacks* (1967), 89 Ill. App. 2d 1, 231 N.E.2d 688.) Although no particular form of words need be used to demonstrate the settlor's intentions (*LaThrop v. Bell Federal Savings & Loan Association* (1976), 42 Ill. App. 3d 183, 355 N.E.2d 667, *cert. denied* (1978), 436 U.S. 925, 56 L. Ed. 2d 768, 98 S. Ct. 2818), clarity in dealing with the beneficial interest is crucial. Therefore, since clear language could have been adopted—indeed had been used in the earlier amendment—it is preferable that we give no effect to the language of clauses a and b of the 1976 amendment.

For all of the aforementioned reasons, we reverse that portion of the circuit court's order denying plaintiff's motion for summary judgment and finding the 1975 amendment violative of the statute of wills, and affirm its finding that clause a and b of the 1976 amendment was void or violative of the statute of wills. Clause c of the 1976 amendment is valid subject to the above mentioned restrictions. Finally, we remand this cause to the circuit court and order it to enter a declaration of rights in favor of plaintiff, Theresa Favata.

Affirmed in part, reversed in part and remanded.

O'CONNOR, J., concurs.

Mr. JUSTICE McGLOON, concurring in part and dissenting in part:

I concur with the majority's finding that the July 18, 1975, amendment to the land trust agreement was valid. Under its terms, plaintiff Theresa Marie Favata received a remainder interest in the beneficial interest of the land trust. Remainder interests are present interests and do not violate the statute of wills. (*Conley v. Petersen* (1962), 25 Ill. 2d 271, 184 N.E.2d 888; Kenoe, Land Trusts §§3.8, 4.6, 4.7 (Ill. Inst. Cont. Leg. Ed. 1978).) Thus, the amendment was not a testamentary disposition. However, I respectfully dissent from the majority's finding that the August 10, 1976, amendment was void merely because it failed to use customary language. By giving effect to the July 18, 1975, amendment, the majority is ignoring the clear intentions of the settlor and enforcing a document believed by the settlor to have been revoked by the August 10,

1976, amendment. The law in Illinois is clear that the primary object in the judicial construction of a trust is to ascertain the true intentions of the settlor and carry them out, so long as they do not conflict with any rule of law, good morals or public policy. (*United States Trust Co. v. Jones* (1953), 414 Ill. 265, 111 N.E.2d 144; *First National Bank v. Baker* (1976), 35 Ill. App. 3d 676, 342 N.E.2d 337.) I believe that after carefully examining all of the facts surrounding this case the settlor's intentions were clear and should have been carried out, as this court was required to do.

On December 14, 1964, Joseph Favata, Sr., entered into a land trust agreement with Exchange National Bank of Chicago involving a condominium located at 200 East Delaware Place, Chicago, and real estate located at 1910-20 South Halsted Street, Chicago. On July 18, 1975, he amended the land trust agreement so that upon his death, his interests not having been sold, assigned, transferred or otherwise disposed of, should vest in his daughter, plaintiff Theresa Marie Favata.

Approximately one month before his death, the settlor apparently decided that he did not want the entire beneficial interest in the land trust to go to his daughter. On August 3, 1976, he executed a codicil to his will, which has been incorporated into the pleadings on appeal and which stated as follows:

"Any interest I have in the property located at 1910-20 South Halsted Street, Chicago, Illinois, by reason of any trust I have executed during my lifetime, is to go to my son, Joseph Favata, Jr.

Any interest I have in the property located at 200 East Delaware Place, Chicago, Illinois, by reason of any trust I have executed during my lifetime, is to go to my daughter, Theresa Marie Favata * * *."

Consideration of the codicil is important since where there are two or more instruments creating, defining, or relating to the trust, they should be read and construed together. (*Wynekoop v. Wynekoop* (1950), 407 Ill. 219, 95 N.E.2d 457.) The majority summarily rejects any consideration of the codicil as having "no bearing upon the sufficiency of the 1976 amendment." The majority also contends that consideration of the codicil is unwarranted because "the language chosen by the settlor is clear" and "the plain intention prevails over any presumed intentions." While the language may be clear, I submit that the settlor's intentions, as reflected on the face of the 1976 amendment, are not. Because traditional language was not utilized, there is a serious question as to what the settlor was attempting to do. Only when one considers the codicil and the 1976 amendment together do the settlor's intentions become clear, especially when one considers that the documents were drafted only one week apart.

On August 10, 1976, one week after the execution of the codicil, the settlor amended the land trust agreement, believing he was reflecting the intentions expressed in the August 3 codicil:

"a. In the event of my death, I leave my real estate located at 1910-20 South Halsted Street, Chicago, Illinois to my son, Joseph Favata, Jr. * * *

b. In the event of my death, I leave my condominium located at 200 East Delaware Place, Chicago, Illinois, to the executor under my Last Will and Testament, and also in accordance with the Joseph Favata Child's Trust, dated July 18, 1975, to be held in trust for my daughter, Theresa Marie Favata * * *

c. The power of direction shall be vested in Joseph Favata, Jr."

Reading the codicil and the amendment together, it is clear that the settlor believed he was vesting a remainder interest in the beneficial interest in the Halsted Street property to his son. The majority rejects this interpretation without discussion, yet fails to explain what the settlor was attempting to do when he drafted paragraph a of the amendment.

From a reading of the codicil, it is clear that the settlor wanted his son to have whatever interest he had in the Halsted Street property. I agree that the 1976 amendment could have been better drafted. It would have been preferable for the settlor to have used customary language and spoken in terms of his beneficial interest rather than using overbroad language and saying "* * * I leave my real estate * * * to my son * * *" and "* * * I leave my condominium * * * to my daughter * * *." However, the failure to mention the beneficial interest is not fatal, especially where the settlor's intent is clear. The law is clear that where the settlor's intentions can be fairly collected from the language of the instrument, no particular form or words need be used. (*LaThrop v. Bell Federal Savings & Loan Ass'n* (1976), 42 Ill. App. 3d 183, 355 N.E.2d 667, *cert. denied* (1978), 436 U.S. 925, 56 L. Ed. 2d 768, 98 S. Ct. 2818.) From the language of the August 10 amendment, it is clear that the settlor intended to vest in his son and executor remainder interests in whatever interest he had in the Halsted Street property and the condominium, respectively. That interest was the beneficial interest, which is a substantial interest. In the recent case of *People v. Chicago Title & Trust Co.* (1979), 75 Ill. 2d 479, 389 N.E.2d 540, our supreme court noted that there is not a single attribute of ownership, except title, which does not rest with the settlor, including the rights of creation, modification, management, income and termination. At worst, the reference by the settlor to "my real estate" in paragraph a was a recognition on his part of the substantial interest being given to his son.

The majority recognizes that, except for the unfortunate failure to refer to the settlor's beneficial interest, the 1976 amendment is otherwise

without objection. Clearly, it was not a testamentary disposition since remainder interests do not violate the Statute of Wills. If anything, the amendment could only fail for vagueness, by referring to "real estate." However, by striking the amendment on a technicality, where the settlor's intent is clear, I respectfully submit that the majority is putting form over substance. The construction given the letter of the written instrument is controlled by its spirit and purpose and the terms are to be interpreted so as to subserve and not subvert such intent. *Hoyt v. Continental Casualty Co.* (1974), 18 Ill. App. 3d 599, 310 N.E.2d 189; *Board of Regents v. Wilson* (1975), 27 Ill. App. 3d 26, 326 N.E.2d 216.

Keeping these principles in mind and reading the codicil and amendment together, it is clear that the settlor was attempting to vest his son with a remainder interest in the beneficial interest to the Halsted Street property. This was the only interest possessed by the settlor, legal and equitable title being vested in the trustee. I respectfully submit that this interpretation is most logical and is the only one which will carry out the settlor's intentions. To enforce the 1975 amendment is to totally ignore the settlor's intentions and enforce a document he clearly revoked.

For the foregoing reasons, I respectfully dissent in part from the majority's opinion. I submit that this court should reverse that portion of the order of the circuit court of Cook County that found the July 18, 1975, amendment and the August 10, 1976, amendment violative of the statute of wills and enter a judgment in favor of defendant Joseph Favata, Jr., upholding the August 10, 1976, amendment.