In re ESTATE OF VLADIMIR NEMECEK, Deceased.—(WAYNE CHERTOW, Adm'r of the Estate of Vladimir Nemecek, et al., Petitioners-Appellants, v. FIRST NATIONAL BANK OF CICERO, Trustee, et al., Respondents-Appellees.)

First District (4th Division)    No. 79-2009

Opinion filed June 12, 1980.

Donald E. Egan, Bernard M. Lubelchek, and Steven M. Rasher, all of Katten, Muchin, Gitles, Zavis, Pearl & Galler, of Chicago, for appellants.

Peter I. Mason and Mark W. Weisbard, both of Rooks, Pitts, Fullagar & Poust, of Chicago, for appellees.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The petitioners, Wayne Chertow, administrator of the estate of the decedent, Vladimir Nemecek, and Florence Nemecek, the decedent's widow, filed a citation to recover assets seeking the recovery of certain real property which had been conveyed by the decedent to a land trust. The respondents are the First National Bank of Cicero (the Bank), as trustee of the trust, and Jarmila Nemecek and Jiri Nemecek, who, under the terms of the trust, were to receive the proceeds from the sale of the trust *res* upon the death of Vladimir Nemecek. The petition alleged that the conveyance constituted an invalid testamentary disposition and a fraud on the marital rights of Florence Nemecek. The respondents filed a motion to dismiss for failure to state a cause of action. The trial court granted the motion. On appeal, the petitioners argue the petition alleged sufficient facts to warrant the issuance of a citation to recover the property held in trust.

The allegations of the petition establish that Vladimir Nemecek died intestate on January 23, 1978. At the time of his death he had been married to Florence Nemecek for 12 years. On September 7, 1972, the decedent conveyed to the Bank, as trustee of a land trust, legal title to the couple's marital home. The decedent had provided all of the funds for the purchase of the property. The decedent was the sole beneficiary of the trust during his lifetime. He retained the right to amend the trust and to dispose of the property as he saw fit and "retained all other rights and incidents of ownership of the property, except the bare legal title thereto." Most significantly for purposes of this appeal, the trust agreement provides that upon the decedent's death the Bank shall sell the

property and distribute one-third of the proceeds to Florence Nemecek, one-third to Jiri Nemecek, the decedent's nephew, and one-third to Jarmila Nemecek, the decedent's sister-in-law.

The petition further alleges that the trust is illusory and invalid and a fraud on the statutory rights of Florence Nemecek because the decedent "actually had full and complete control over the property", that the decedent was actually fully possessed of all of the attributes of outright individual ownership of the property, and that during his lifetime the decedent had the power to amend the trust or dispose of the property as he saw fit. Finally, the petition alleges that the property represents a "substantial portion" of the decedent's estate. The petition contains no allegation that the decedent exercised any of his retained powers to amend the trust or dispose of the property.

■■ Under Illinois law, a property owner has an absolute right to dispose of his property during his lifetime in any manner he sees fit. He may convey his property to another even though the transfer may be for the sole purpose of minimizing or defeating the statutory marital interest of his spouse. (*Johnson v. La Grange State Bank* (1978), 73 Ill. 2d 342, 383 N.E.2d 185.) This type of conveyance is not subject to defeasance by the surviving spouse unless it is a sham and is colorable or illusory and tantamount to a fraud. *Johnson.*

The supreme court in *Johnson* explained that intent to defraud the surviving spouse of his marital rights does not involve the traditional meaning of fraud. Rather, the meaning of the phrase is to be construed in connection with the words "illusory" and "colorable." Where the transferor in reality had no intent to convey any present interest in the property but, in fact, intended to retain complete ownership it is a fraud on the surviving spouse's marital rights. (*Johnson.*) Therefore, the relevant "intent" in the context of an intent to defraud the surviving spouse of his marital rights refers to the absence of a present donative intent to transfer an interest in property. Because a surviving spouse only has an interest in property which becomes a part of the decedent's estate, a valid *inter vivos* conveyance of a property interest would not become a part of the decedent's estate.

The petitioners argue that *Johnson* mandates the conveyance of a present interest if the conveyance is to survive a suit alleging fraud on the surviving spouse's marital rights. Because the decedent directed the trustee to sell the real estate and distribute the proceeds, as opposed to designating the remainder beneficiaries to receive the beneficial interest upon his death, the petitioners contend there was no conveyance of a present interest. The petitioners acknowledge that if the decedent had designated the intended beneficiaries to receive his beneficial interest the transfer would have been valid.

In *Johnson*, the decedent placed substantially all of her assets in trust. She declared herself trustee and named a bank successor trustee. All of the trust income was to be paid to her during her lifetime, and she retained the power to invade the principal of the trust, and to alter, amend or modify the trust provisions in any manner. Although the language of the trust agreement was not quoted in the *Johnson* opinion, the court explained that the successor trustee "was to distribute assets of the trust" to the settlor's mother, sister, niece, and certain named charities upon the settlor's death. (*Johnson*, 71 Ill. 2d 342, 351, 383 N.E.2d 185, 189.) The surviving spouse brought an action to set aside the trust, alleging that it deprived him of his marital rights in the property held in trust.

The Illinois Supreme Court found the trust valid. It noted that "retention by the settlor of the power to revoke, even when coupled with the reservation of a life interest in the trust property, does not render the trust inoperative." (73 Ill. 2d 342, 364, 383 N.E.2d 185, 195.) The court noted the surviving spouse's substantial net worth and the decedent's concern for the welfare of certain of her relatives and determined that the trust was not a sham. Finally, the court pointed out that "[t]he declaration of trust immediately created an equitable interest in the beneficiaries, although the enjoyment of the interest was postponed until [the decedent's] death and subject to her power of revocation." 73 Ill. 2d 342, 364, 383 N.E.2d 185, 195.

■■ The facts before us are substantially similar to those in *Johnson*. There, the successor trustee was apparently directed to distribute the trust assets, upon the settlor's death, to certain relatives. Here, the trustee was directed to sell the trust asset, that being the marital home, upon the settlor's death, and to distribute the proceeds of the sale to certain persons. We see no legal significance in the fact that the trustee in the case before us was directed to sell the home and then distribute the proceeds as opposed to distributing the existing trust assets as in *Johnson*. No facts are alleged which would indicate that the conveyance was in fact a "sham." We conclude the intended beneficiaries were given a present interest in the proceeds of the sale of the trust *res*, although the interest was subject to possible defeasance and enjoyment of it was postponed until the settlor's death.

The petitioners also argue this cause is indistinguishable from *Favata v. Favata* (1979), 74 Ill. App. 3d 979, 394 N.E.2d 443, where a trust amendment was found invalid. In *Favata* the decedent conveyed land and buildings on Halsted Street and a condominium on Delaware Place to a land trust. He was the "prime" beneficiary. On later dates, he twice amended the trust agreement. The first amendment provided that on the date of his demise, his "entire remaining interest" under the trust would vest in his daughter. The second amendment, executed a year later,

provided that in the event of his death, *"I leave my real estate* located at * * * Halsted Street * * * to my son * * *,"* and *"I leave my condominium* located at * * * Delaware Place * * * to the Executor * * * to be held in trust for my daughter * * *."* (Emphasis added.) (74 Ill. App. 3d 979, 981, 394 N.E.2d 443, 445-46.) On appeal, this court found the first amendment was valid because "[u]nder its terms plaintiff received a substantial present interest at the moment the trust was created. She received a remainder interest in the entire beneficial interest of the land trust * * *." (*Favata*, 74 Ill. App. 3d 979, 982, 394 N.E.2d 443, 446.) The second amendment was found insufficient. The court interpreted it as

"* * * attempting to transfer remainder interests in the real estate *res* of the land trust. In other words, settlor apparently attempted to transfer legal and equitable title to his son and daughter. All parties concede that this is not possible because in a land trust legal and equitable title is vested solely in the trustee. Settlor could only convey his beneficial interest in the trust." *Favata*, 74 Ill. App. 3d 979, 982, 394 N.E.2d 443, 447.

■■ The petitioners contend that Vladimir Nemecek, like the settlor in *Favata*, attempted to deal directly with the trust *res* and that he was without power to do so since he possessed only a beneficial interest in the *res*. We believe *Favata* is distinguishable. There, the settlor attempted to convey legal and equitable title to the real estate directly to his children. Vladimir Nemecek, by contrast, did not attempt to convey either the marital home or the proceeds from the sale thereof directly to the intended beneficiaries. Rather, he properly exercised his power of direction by instructing the trustee, upon the settlor's death, to sell the real estate and distribute the proceeds to the intended beneficiaries. We believe it irrelevant that the decedent did not expressly designate the intended beneficiaries as "remaindermen of the beneficial interest." The trust agreement provides that "the interest of any beneficiary hereunder shall consist solely of a power of direction to deal with the title to said property * * *." It also provides that the Bank, as trustee, "will * * * on the written direction of [the settlor] * * * deal with the title to said real estate * * *." The decedent acted in accordance with the terms of the trust by providing a written direction to the trustee to sell the trust *res* upon his death and to distribute the proceeds of the sale to the three intended beneficiaries.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and ROMITI, JJ., concur.